**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

---

| | |
|---|---|
| ADA GRIDER, | CASE NO. 1:20-cv-00030-GNS |
|       Plaintiff, | **ELECTRONICALLY FILED** |
| vs. | Judge Greg N. Stivers |
| MARINER FINANCE, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC; | |
|       Defendants. | |

---

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## INTRODUCTION

1. This is a complaint by Plaintiff Ada Grider against Defendants for damages for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1331 and 28 U.S.C. § 1681p. Venue is proper because Plaintiff lives and resides in Warren County, Kentucky and because the

nucleus of relevant facts and events as alleged below occurred in Warren County, Kentucky which is located within this District.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

3. Plaintiff Ada Grider is a natural person who resides in Warren County, Kentucky and a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681(c).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant Mariner Finance, LLC ("Mariner") is a foreign limited liability company registered with the Kentucky Secretary of State with principal place of business located at 8211 Town Center Drive, Nottingham, MD 21236.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Mariner is a furnisher of information within the meaning of the FCRA.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with principal place of business is located at 475 Anton Boulevard, Costa Mesa, CA 92626 registered to do business with Kentucky Secretary of State.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Experian is a "consumer reporting agency" within the meaning of the FCRA because it provides and acquires personal retail and credit transaction information of private persons for use in, and in furtherance of, its business operations.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company with principal place of business located at 555 West Adams Chicago, IL 60661 registered to do business with Kentucky Secretary of State.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Trans Union is a "consumer reporting agency" within the meaning of the FCRA because it provides and acquires personal retail and credit transaction information of private persons for use in, and in furtherance of, its business operations.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## STATEMENT OF FACTS

10. Like many of her fellow citizens, Plaintiff Ada Grider ("Grider") is keenly aware [sic] the importance of her credit report and credit score toward obtaining financing on favorable terms.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

**ANSWER**: Trans Union states that "bankrate.com" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. On or about August 17, 2018, Ms. Grider entered into a Note and Security Agreement with Pioneer Credit Company ("Pioneer"), which is regulated by Kentucky's consumer

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

loan company statutes. KRS 286.4-410 *et seq.* A true and accurate copy of the Pioneer Note, Security Agreement & Arbitration Agreement ("Pioneer Note") is attached as Exhibit "A."

**ANSWER**: Trans Union states that the document identified as "Exhibit A" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13. The Pioneer Note was a precomputed loan that included a precomputed finance charge of $327.08, which corresponds to a hefty 35.99% APR.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. Ms. Grider financed $1,006.68 under the Pioneer Note.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Ms. Grider received $210.20 under the Pioneer Note.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. The total, precomputed amount due under the Note was $1,333.76 payable in seventeen (17) payments of $73.38 plus an initial payment of $86.30 due on or before October 1, 2018.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Ms. Grider made several payments to Pioneer on the Note before defaulting due to financial difficulties.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. According to Pioneer's website, Pioneer merged with Defendant Mariner Finance, LLC ("Mariner") on November 1, 2018. www.pioneercredit.net/ (visited February 11, 2020).

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On February 6, 2019, Mariner caused the law firm of P'Pool & Roy, PLLC ("P'Pool") to file a collection action against Ms. Grider in the Warren District Court of Warren County, Kentucky in the case of *Mariner Finance, LLC f/k/a Pioneer Credit/Personal Finance Corp.* v. *Ada Grider,* Case No. 19-C-00461 (the "State Collection Lawsuit"). A true and accurate copy of Mariner's complaint in the State Collection Lawsuit is attached as Exhibit "B".

**ANSWER**: Trans Union states that the document identified as "Exhibit B" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. On April 8, 2019 Mariner moved for default judgment against Ms. Grider which the Warren District Court granted on April 11, 2019 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "C".

**ANSWER**: Trans Union states that the document identified as "Exhibit C" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. The Default Judgment provides in relevant part:

Plaintiff having filed a Motion for Default Judgment, it is considered and adjudged that the plaintiff, Mariner Finance, LLC formerly known as Pioneer Credit/Personal Finance Corp.,

shall recover of the defendant, Ada Grider, the sum of $1,135.16, with interest thereon in accordance to the agreement (KRS 360.040) from 02/07/2019 until date of judgment and then in accordance to the agreement until paid, plus attorney's fees in the amount of $374.60 and its court costs herein, for all of which execution may issue forthwith. This a final order and no reason for delay in entry.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. On April 29, 2019 Mariner executed on the default judgment by filing a wage garnishment on Ms. Grider's employer on April 29, 2019 (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is attached as Exhibit "D".

**ANSWER**: Trans Union states that the document identified as "Exhibit D" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23. The Wage Garnishment provides in relevant part:

| JUDGMENT DEBTOR: | JUDGMENT CREDITOR: | Mariner Finance, LLC |
|---|---|---|
| Ada Grider | Amount Due: $ | 1834.76 (includes int. to date only) |
| | Probable Court Costs: $ | Included |
| | Judgment Date: | April 11, 2019 |
| | Creditor's Attorney: | J. Todd P. Pool<br>Karey Roy |

**ANSWER**: Trans Union states that the above image speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. By November 22, 2019 Ms. Grider had paid the Default Judgment in full by means of the Wage Garnishment.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. As evidenced by paystubs provided by her employer, Ms. Grider had paid Mariner $1,993.66 by November 22, 2019 by means of deductions pursuant to the Wage Garnishment. A true and accurate copy of Ms. Grider's pay stub dated November 22, 2019 is attached as Exhibit "E."

**ANSWER**: Trans Union states that the document identified as "Exhibit E" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

26. Ms. Grider's November 22, 2019 pay stub provides in pertinent part:

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Hol. Incentive | 0.0000 | $0.0000 | $0.00 | $257.45 |
| Overtime | 0.0000 | $0.0000 | $0.00 | $639.95 |
| Paid Time Off | 0.0000 | $0.0000 | $0.00 | $985.78 |
| Regular Pay | 55.1300 | $0.0000 | $706.13 | $20,111.98 |
| Retroactive Pay | 0.0000 | $0.0000 | $0.00 | $134.66 |

Total Hours 55.1300

**Deductions**

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| GARNISHMENT %2 | $0.00 | No | $0.00 | $1,993.66 | $0.00 | $0.00 |
| PayActiv PAID | $0.00 | No | $319.17 | $9,643.36 | $0.00 | $0.00 |
| Purch Pwr Pymnt | $79.14 | No | $79.14 | $1,678.36 | $0.00 | $0.00 |
| Uniforms | $0.00 | No | $0.98 | $0.98 | $0.00 | $0.00 |
| Basic Life 10K | $0.00 | No | $0.00 | $0.00 | $0.00 | $4.81 |

**ANSWER**: Trans Union states that the above image speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27. Ms. Grider paid $158.90 more under the Wage Garnishment than was due under the Default Judgment on April 29, 2019.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. Despite having paid the Wage Garnishment off in full, Mariner has not yet released the Wage Garnishment nor has it filed a satisfaction of judgment in the State Collection Lawsuit.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29. After paying off the Default Judgment in full, Ms. Grider reviewed her credit reports published by the Defendant consumer reporting agencies ("CRA's [sic] [sic]") Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") and on each of her credit reports discovered negative credit information furnished by Mariner in connection with the Default Judgment (the "Mariner Tradeline") which tradeline was being erroneously reported with a positive balance still due on the Default Judgment.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30. On November 25, 2019 Ms. Grider sent dispute letters to Experian and Trans Union disputing *inter alia* the positive balance due under the Mariner Tradeline.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31. Ms. Grider's dispute included (i) a copy of the Wage Garnishment showing a claimed balance due of $1,834.76 under the Wage Garnishment as of April 29, 2019; and (ii) a copy of Ms. Grider's November 22, 2019 paystub showing that $1,993.66 had been garnished from her pay in the less than seven (7) months since the Wage Garnishment was filed.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

32. Receipt of Ms. Grider's dispute letter triggered Experian's and Trans Union's duty under 15 U.S.C. § 1681i(a)(2) to send Mariner notice of Ms. Grider's dispute within five-business days of receipt of Ms. Grider's dispute.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33. Experian and Trans Union timely notified Mariner of Ms. Grider's dispute which thereby triggered Mariner's duty to conduct a reasonable investigation of Ms. Grider's dispute under 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34. Mariner failed to conduct a reasonable investigation into Ms. Grider's disputes concerning the negative credit information concerning Ms. Grider and the credit information that Mariner was furnishing to the CRA's [sic].

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Mariner falsely verified the accuracy of the disputed negative credit information to Experian and Trans Union. In particular, after its investigation of Ms. Grider's disputes, Mariner continued to report a past-due balance of $241.00 owed under the Default Judgment:

[image of credit report entry for Mariner Finance LLC]

**ANSWER**: Trans Union states that the above image speaks for itself. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. As a result of Mariner's failure to conduct a reasonable, investigation of Ms. Grider's disputes, Ms. Grider suffered actual damages in the form of out-of-pocket expenses, lowered credit score and denial of credit.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Receipt of Ms. Grider's dispute letters triggered the Defendant CRAs' duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of Ms. Grider's dispute and any documents included with that dispute.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38.     The Defendant CRA's [sic] Experian and Trans Union violated their duty to conduct a reasonable investigation of Ms. Grider's dispute.  In particular, despite proof demonstrating that the Default Judgment had been paid in full under the Wage Garnishment, the CRA's [sic] continued to report a positive balance due on [sic] owing under the Mariner Tradeline:

[image of credit report tradeline entry for Mariner Finance, LLC]

**ANSWER**:   Trans Union states that the above image speaks for itself.  Trans Union denies the remaining allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CLAIMS

**I.     Claims against Mariner Finance, LLC**

39.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") violate the FCRA in that, after being informed by the CRA's [sic] that Ms. Grider disputed the accuracy of the information it was furnishing to the CRA's [sic] concerning Ms. Grider and the Mariner Tradeline, Mariner willfully failed to conduct a proper investigation of Ms. Grider's

dispute filed with the CRA's [sic] which dispute stated that Mariner was furnishing false negative credit information about Ms. Grider and the Mariner Tradeline.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.   Mariner willfully failed to review all relevant information purportedly provided by the CRA's [sic] to Mariner in conducting its investigation as required by 15 U.S.C. § 1681s-2(b)(B).

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.   Mariner willfully failed to direct the CRA's [sic] to delete inaccurate information about Ms. Grider pertaining to the Mariner Tradeline as required by 15 U.S.C. .§ 1681s-2(b)(C).

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.   In particular, Mariner continued to falsely and inaccurate report that a positive balance remained due under the Default Judgment even after Ms. Grider had [sic] the Default Judgment off in full through the Wage Garnishment.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. Ms. Grider has a private right of action to assert claims against Mariner arising under 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

44. Mariner is liable to Ms. Grider for the actual damages she has sustained by reason of its willful violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. In the alternative, Mariner is liable to Ms. Grider for the actual damages she has sustained as result of its negligent or grossly negligent violations of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, pursuant to 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**II.     Claims against Experian Information Solutions, Inc.**

46. The foregoing acts and omissions of Defendant Experian Information Solutions, Inc. ("Experian") constitute violations of the FCRA.

  **ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

  47. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of Ms. Grider's dispute concerning the Mariner Tradeline.

  **ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

  48. As a result of Experian's failure to conduct a reasonable investigation of Ms. Grider's dispute, Experian continued to inaccurately to [sic] report a balance due and owing on the Mariner Tradeline.

  **ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

  49. Experian's conduct, actions and inactions were willful, rendering Experian liable to Ms. Grider under 15 U.S.C. § 1681n for actual, statutory and punitive damages, along with attorney's fees and costs.

  **ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

  50. In the alternative, Experian's conduct, actions and inactions were negligent rendering Experian liable to Ms. Grider under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

> **ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**III.    Claims against Trans Union, LLC**

51. The foregoing acts and omissions of Defendant Trans Union, LLC ("Trans Union" [sic] constitute violations of the FCRA.

> **ANSWER**: Trans Union denies the allegations contained in this paragraph.

52. Trans Union violated 15 U.S.C. § 1681i(a)(l) by failing to conduct a reasonable investigation of Ms. Grider's dispute concerning the Mariner Tradeline.

> **ANSWER**: Trans Union denies the allegations contained in this paragraph.

53. As a result of Trans Union's failure to conduct a reasonable investigation of Ms. Grider's dispute, Trans Union continued to inaccurately to [sic] report a balance due and owing on the Mariner Tradeline.

> **ANSWER**: Trans Union denies the allegations contained in this paragraph.

54. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable to Ms. Grider under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

> **ANSWER**: Trans Union denies the allegations contained in this paragraph.

55. In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable to Ms. Grider under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

> **ANSWER**: Trans Union denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ada Grider requests that the Court grant her the following relief:

1. Award the maximum amount of statutory damages;

2. Award Plaintiff her actual damages;

3. Award Plaintiff punitive damages under 15 U.S.C. § 1681n for each Defendant's willful violations of the FCRA;

4. Award Plaintiff her attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any such other relief as the Court may deem Plaintiff to be entitled.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*/s/ Sandra Davis Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **11th day of March, 2020**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| James H. Lawson, Esq. james@kyconsumerlaw.com | James R. McKenzie, Esq. jmckenzie@jmckenzielaw.com |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **11th day of March, 2020**, properly addressed as follows:

| None. | |
|---|---|

*/s/ Sandra Davis Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*